DECISION
{¶ 1} Relator, Mark R. Russell, filed this original action, which asks this court to issue a writ of procedendo ordering respondent, the Honorable Julie Lynch, to rule on relator's motion to produce grand jury testimony.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No objections to that decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Writ of procedendo denied.
Petree and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Mark R. Russell, :
Relator, :
v. : No. 05AP-1203
Julie Lynch, Judge, Franklin County :
Court of Common Pleas, :
Respondent. :
 MAGISTRATE'S DECISION Rendered on March 29, 2006 Mark R. Russell, pro se.
Ron O'Brien, Prosecuting Attorney, and Tracie Boyd, for respondent.
 IN PROCEDENDO ON MOTION FOR SUMMARY JUDGMENT {¶ 4} In this original action, relator, Mark R. Russell, an inmate of the Ross Correctional Institution ("RCI"), requests a writ of procedendo ordering respondent the Honorable Julie Lynch, a Judge of the Franklin County Court of Common Pleas, to rule Respondent. on relator's motion to produce grand jury testimony which relator filed on January 20, 2005, in the Franklin County Court of Common Pleas.
Findings of Fact:
 {¶ 5} 1. On November 10, 2005, relator, an RCI inmate, filed this original action requesting a writ of procedendo ordering respondent to rule on his motion to produce grand jury testimony. Relator filed the motion in the Franklin County Court of Common Pleas on January 20, 2005.
 {¶ 6} 2. On December 14, 2005, respondent filed in this action a Civ.R. 56 motion for summary judgment. In support of the motion, respondent submitted a certified copy of her decision and entry which she filed on November 21, 2005, in the Franklin County Court of Common Pleas in case number 01CR-6462 styledState of Ohio v. Mark R. Russell. The decision and entry denies relator's January 20, 2005 motion to produce grand jury testimony.
 {¶ 7} 3. On December 22, 2005, this magistrate issued an order giving notice of a summary judgment hearing on January 9, 2006.
 {¶ 8} 4. On January 9, 2006, relator filed his "reply" to respondent's motion for summary judgment. In his reply, relator states:
Relator, Mark R. Russell, submits that it appears that Respondent Judge Lynch filed a Judgment Entry to the Motion to Produce Grand Jury Testimony on November 18, 2005 and was journalized November 21, 2005. However, relator states that Respondent only filed the entry after she received a copy of the Writ of Procedendo.
 {¶ 9} 5. Thus, relator concedes that respondent did in fact rule on his motion upon which he seeks a writ compelling respondent to rule.
Conclusions of Law:
 {¶ 10} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 11} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v.Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 12} Civ.R. 56(E) states, in part:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 13} Based upon the certified entry of respondent, summary judgment is appropriate here. Respondent has performed the act which relator seeks to compel in this action.
 {¶ 14} Accordingly, it is the magistrate's decision that this court grant re-spondent's motion for summary judgment and deny relator's request for a writ of procedendo.