OPINION
{¶ 1} Defendant-appellant, Mark R. Russell, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to produce grand jury testimony. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Pursuant to a judgment entry filed June 20, 2003, defendant was convicted of murder with specification, in violation of R.C. 2903.02, and sentenced to prison for 15 years to life with an additional three years for the use of a firearm. Defendant timely filed a notice of appeal from that judgment. On May 6, 2004, this court affirmed defendant's convictions. Statev. Russell, Franklin App. No. 03AP-666, 2004-Ohio-2501, appeal not allowed, 103 Ohio St.3d 1464, 2004-Ohio-5056 ("Russell I").
 {¶ 3} On July 3, 2003, defendant filed a motion for a new trial pursuant to Crim.R. 33. After this court affirmed defendant's convictions in Russell I, the trial court, on September 29, 2004, denied defendant's motion for a new trial based on res judicata. On August 9, 2005, this court affirmed the trial court's denial of the motion for a new trial. State v.Russell, Franklin App. No. 04AP-1149, 2005-Ohio-4063 ("RussellII"), motion for leave to file delayed appeal denied,107 Ohio St.3d 1695, 2005-Ohio-6763.
 {¶ 4} On November 2, 2004, defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21. On March 22, 2005, the trial court denied defendant's petition because, among other reasons, it was untimely filed. On January 31, 2006, this court affirmed the trial court's denial of defendant's petition for post-conviction relief. See State v. Russell, Franklin App. No. 05AP-391, 2006-Ohio-383 ("Russell III"), appeal not allowed, 109 Ohio St.3d 1495, 2006-Ohio-2762.
 {¶ 5} On January 20, 2005, defendant filed a motion to produce grand jury testimony. On November 21, 2005, the trial court denied that motion on the basis that defendant's motion failed to set forth a particularized need for the disclosure.[1] Defendant timely appeals from that decision and sets forth the following single assignment of error for our review: "The trial court erred by denying defendant's motion for grand jury transcripts."
 {¶ 6} In this appeal, defendant argues that he has demonstrated a particularized need for the grand jury testimony that outweighs the need for secrecy. The state argues that defendant's assignment of error is meritless as he failed to demonstrate a particularized need for the grand jury transcripts as required by State v. Greer (1981), 66 Ohio St.2d 139. In addition, the state argues that the trial court lacked jurisdiction to consider defendant's motion for grand jury transcripts.
 {¶ 7} The "[d]isclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim.R. 6(E)." Greer, at paragraph one of the syllabus. Crim.R. 6(E) provides, in part, that grand jury matters may not be disclosed except "when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."
 {¶ 8} In Greer, the Supreme Court of Ohio stated: "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." Id. at paragraph two of the syllabus. The Supreme Court of Ohio has described a "particularized need" as: "`when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial * * *.'" State v. Davis
(1988), 38 Ohio St.3d 361, 365, quoting State v. Sellards
(1985), 17 Ohio St.3d 169, 173. The trial court has "discretion as to whether the particularized need * * * has been shown to its satisfaction." Greer, at 148. Thus, the decision of whether to release grand jury testimony is within the discretion of the trial court and will not be reversed absent an abuse of discretion. Id., paragraph one of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} This court already has determined that the trial court lacked jurisdiction to entertain defendant's petition for post-conviction relief filed November 2, 2004. See Russell III.
In Russell III, this court determined that defendant's petition was untimely and that defendant failed to establish the applicability of an exception contained within R.C.2953.23(A).[2] This court concluded that the trial court did not err in denying defendant's petition, but noted, "technically, the petition should have been dismissed for lack of jurisdiction." Id. at ¶ 10.
 {¶ 10} In view of the record in this case, when defendant filed his motion for production of grand jury testimony, there was no pending matter within the jurisdiction of the trial court involving defendant's criminal case that would necessitate further discovery. As such, the trial court lacked authority to grant defendant's motion for the production of grand jury testimony. See State v. Short, Cuyahoga App. No. 83492,2004-Ohio-2695, at ¶ 7. ("With no pending motions that would necessitate further discovery, the judge lacked the jurisdiction to review the particularized need for an in camera inspection" of grand jury testimony.) On that basis, it was not error for the trial court to deny defendant's motion.
 {¶ 11} Additionally, even assuming the trial court had the authority to consider defendant's motion, we find that the trial court did not abuse its discretion in concluding that defendant failed to demonstrate a particularized need for disclosure of the grand jury testimony. Defendant's motion for the production of grand jury testimony alleged that the Franklin County Prosecutor's Office and/or the Columbus Police Department presented false testimony at the grand jury proceedings that resulted in his indictment for murder. In support of his motion, defendant submitted transcripts of his pre-indictment arraignment and his initial post-indictment appearance. Defendant also submitted an affidavit in which he stated his belief that the state presented false or misleading testimony to the grand jury regarding (1) interviews involving defendant and homicide detectives, (2) the issue of whether defendant confessed to a witness, and (3) fingerprints found at the murder scene. The state argues that defendant's motion did not meet the requirements for disclosure as his assertions were vague and speculative.
 {¶ 12} Defendant argues that assertions made at the pre-indictment arraignment and initial post-indictment appearance demonstrate that the state presented false or misleading testimony to the grand jury. Specifically, according to defendant, because the state indicated at pre-trial hearings that defendant had confessed to a witness, and because no one testified to the confession at trial, someone falsely testified before the grand jury. However, the fact that a witness may have testified before the grand jury but not at trial does not demonstrate a particularized need for the disclosure of grand jury testimony. See State v. Scott (Aug. 1, 1994), Butler App. No. CA92-03-052. Nor would that fact demonstrate that the witness falsely testified before the grand jury.
 {¶ 13} Defendant also appears to claim that there were inconsistencies in testimony. In that regard, we note that a claim that a witness's grand jury testimony may have differed from his trial testimony "is mere speculation, insufficient to show particularized need." State v. Henness (1997),79 Ohio St.3d 53, 62. Additionally, "[w]hen a defendant `speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions,' the trial court does not abuse its discretion by finding the defendant had not shown a particularized need."State v. Mack (1995), 73 Ohio St.3d 502, 508, quoting State v.Webb (1994), 70 Ohio St.3d 325, 337. Therefore, we conclude that the trial court did not abuse its discretion in finding that defendant's motion for production of grand jury testimony contained mere assertions and failed to set forth a particularized need.
 {¶ 14} Based on the foregoing, we conclude that the trial court did not err in denying defendant's motion for the production of grand jury testimony. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and Sadler, JJ., concur.
[1] Prior to the trial court entering its decision denying defendant's motion, defendant filed an original action in this court, wherein he sought a writ of procedendo ordering the respondent, the Honorable Julie Lynch, to rule on defendant's motion to produce grand jury testimony. See State ex rel.Russell v. Lynch, Franklin App. No. 05AP-1203, 2006-Ohio-2830. On June 6, 2006, this court denied the requested writ because the respondent demonstrated that she had performed the act which defendant sought to compel in the action. See id. at ¶ 13-14.
[2] The exceptions outlined in R.C. 2953.23(A) allow a trial court to consider untimely petitions for post-conviction relief in limited situations.