OPINION
{¶ 1} This is an appeal by defendant-appellant, Mark R. Russell, from a judgment of the Franklin County Court of Common Pleas, denying his motion for a new trial.
 {¶ 2} On November 1, 2001, appellant was indicted for one count of murder, with a firearm specification. The indictment arose out of the death of Kenneth Sartin on August 11, 2000. The case was tried before a jury, and the jury found appellant guilty of the murder charge and specification. On June 30, 2003, the trial court sentenced appellant to 15 years to life, with an additional three years incarceration for the firearm specification.
 {¶ 3} Appellant filed a timely appeal and, on May 6, 2004, this court affirmed his convictions. State v. Russell, Franklin App. No. 03AP-666, 2004-Ohio-2501, appeal not allowed,103 Ohio St.3d 1464, 2004-Ohio-5056.
 {¶ 4} On July 3, 2003, appellant filed a motion for new trial, asserting the following grounds: (1) improper impeachment of appellant by the prosecution; (2) denial of appellant's request to play audio and video tapes of his oral statements to police after the prosecution was permitted to offer the testimony of the investigating detective regarding those statements; and (3) improper exclusion by the trial court of a letter appellant had written to the mother of the deceased to explain appellant's earlier letter to the mother that was introduced by the state. By decision and entry filed September 29, 2004, the trial court denied appellant's motion for new trial on the basis that the claims were barred by the doctrine of res judicata. On further appeal, this court affirmed the decision of the trial court denying appellant's motion for new trial. State v. Russell,
Franklin App. No. 04AP-1149, 2005-Ohio-4063.
 {¶ 5} On November 2, 2004, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. On March 22, 2005, the trial court denied appellant's petition for post-conviction relief as untimely. Following an appeal, this court affirmed the decision of the trial court. State v.Russell, Franklin App. No. 05AP-391, 2006-Ohio-383.
 {¶ 6} On January 20, 2005, appellant filed a motion to produce grand jury testimony. The trial court denied appellant's motion, and this court subsequently affirmed the judgment of the trial court. State v. Russell, Franklin App. No. 05AP-1325,2006-Ohio-5945.
 {¶ 7} On December 12, 2005, appellant filed a second motion for new trial. In the motion, appellant argued that the state had failed to disclose, prior to trial, the identity and statement of an individual to whom appellant had allegedly confessed to the crime. On December 30, 2005, the state filed its response, asserting that appellant had already filed a similar motion that was denied by the trial court on September 29, 2004.
 {¶ 8} By decision and entry filed May 3, 2006, the trial court denied appellant's motion for new trial. The court concluded that appellant's claims were barred by the doctrine of res judicata, as the grounds for the motion were actually raised, or could have been raised, in the trial court or on appeal from the judgment of conviction.
 {¶ 9} On appeal, appellant sets forth the following two assignments of error for this court's review:
ASSIGNMENT OF ERROR NO. 1:
The State of Ohio violated the Appellant's 6th, and 14th Amendment rights by not disclosing [an] individual who the Appellant allegedly confessed to of the murder of Kenny Sartin, pursuant to Crim.R. 16.
ASSIGNMENT OF ERROR NO. 2:
The [T]rial Court erred when it denied defendant's motion for a new trial based on the doctrine of Res-Judicata.
 {¶ 10} Appellant's assignments of error are interrelated and will be considered together. Appellant contends that the trial court erred in denying his motion for new trial based upon the doctrine of res judicata. Appellant maintains he is entitled to a new trial because the prosecutor failed to disclose discovery material essential to his defense. More specifically, appellant argues that the prosecutor, during an arraignment hearing on October 23, 2001, stated that appellant confessed to an individual about killing the victim. Appellant argues that the identity of this individual was never disclosed, nor did this individual ever testify in subsequent court proceedings. Appellant contends that false or misleading testimony regarding this individual was given to the grand jury to secure the indictment.
 {¶ 11} Under Ohio law, "a Crim.R. 33 motion for new trial is directed to the sound discretion of the trial court and the court's decision shall not be reversed on appeal absent an abuse of discretion." State v. Waulk, Ross App. No. 02CA2649, 2003-Ohio-11, at ¶ 22. Further, "[a]n abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable." Id.
 {¶ 12} Upon review, we find no abuse of discretion by the trial court in denying appellant's motion based upon the doctrine of res judicata. The doctrine of res judicata "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." State v. Sneed, Cuyahoga App. No. 84964, 2005-Ohio-1865, at ¶ 16. In the present case, as noted above, in addition to the direct appeal of his conviction, appellant previously filed a petition for post-conviction relief and a motion for new trial. The state argues, and we agree, that appellant fails to explain how the matters raised in the instant successive motion for new trial could not have been raised in appellant's earlier filings. Under these circumstances, the trial court had discretion to deny, on the grounds of res judicata, appellant's second motion for new trial. State v. Sanders (May 19, 2000), Portage App. No. 99-P-0067.
 {¶ 13} Finding no abuse of discretion by the trial court, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.