OPINION
{¶ 1} Defendant-appellant, Shannon Haynes ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for a new trial.
 {¶ 2} In 2001, appellant was convicted of one count of kidnapping, one count of rape, one could of voluntary manslaughter, and two counts of murder, with sexually violent predator specifications. The manslaughter and murder counts merged for sentencing. The trial court imposed two ten-year-to-life sentences for the kidnapping and *Page 2 
rape convictions, and life imprisonment without parole for the murder count selected for sentencing, all sentences to be served consecutively. On appeal, that judgment was affirmed. State v. Haynes, Franklin App. No. 01AP-430, 2002-Ohio-4389. We then denied appellant's application for reconsideration on October 15, 2002,[1] and application for reopening on November 19, 2002.[2] The Supreme Court of Ohio declined jurisdiction in the direct appeal in December 2002. State v.Haynes, 97 Ohio St.3d 1484, 2002-Ohio-6866. It also declined jurisdiction in the appeal from the denial of reopening in February 2003. State v. Haynes, 98 Ohio St.3d 1463, 2003-Ohio-644.
 {¶ 3} In a memorandum decision rendered on January 26, 2006,[3] this court denied appellant's motion for delayed reconsideration of our judgment in State v. Haynes, Franklin App. No. 01AP-430, 2002-Ohio-4389, appeal not allowed, State v. Haynes, 109 Ohio St.3d 1482,2006-Ohio-2466. Before that decision was rendered, however, appellant filed a motion for a new trial pursuant to Crim.R. 33. The grounds for appellant's motion included: (1) State v. Smith, 104 Ohio St.3d 106,2004-Ohio-238, should be applied retroactively to his case; (2) the trial court erred by amending the indictment to include the lesser-included offense of R.C. 2903.02(B), felony murder, and instructing the jury on that charge; and (3) appellant's acquittal of aggravated murder and one of the counts of murder precluded a finding of purpose for the rape and kidnapping counts, and, as such, the same could not serve as predicates to felony murder. The trial *Page 3 
court denied appellant's motion, finding that: (1) appellant's motion for a new trial was untimely; and (2) res judicata barred review of appellant's claims.
 {¶ 4} Appellant appeals, asserting the following five assignments of error:
 FIRST ASSIGNMENT OF ERROR:
 THE COURT ABUSED IT'S DISCRETION AND ERRONEOUSLY DENIED APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL INSTANTER AS UNTIMELY.
 SECOND ASSIGNMENT OF ERROR:
 THE COURT ERRONEOUSLY DENIED THE MOTION FOR NEW TRIAL AS BARRED BY RES JUDICATA.
 THIRD ASSIGNMENT OF ERROR:
 THE DECISIONAL LAW OF THE OHIO SUPREME COURT IN STATE V. SMITH IS A SUBSTANTIVE INTERPRETATION OF A CRIMINAL STATUTE THAT IS RETROACTIVE TO APPELLANT.
 FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT WAS WITHOUT JURISDICTION TO TRY AND SENTENCE APPELLANT ON THE CHARGES FOR WHICH HE STANDS CONVICTED.
 FIFTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT'S INSTRUCTIONS TO THE JURY WERE INCORRECT AND MISLEADING CAUSING PREJUDICE TO APPELLANT WARRANTING A NEW TRIAL.
 {¶ 5} Appellant's assignments of error are interrelated and will be considered together. Appellant contends that the trial court erred in denying his motion for new trial based upon the doctrine of res judicata. Appellant maintains he is entitled to a new trial becauseSmith, supra, was not decided until after his conviction, and the application of *Page 4 
res judicata herein results in a "manifest miscarriage of justice." (Appellant's brief at 7.) Appellant also asserts his conviction for felony murder is unlawful because he was not indicted for that offense.
 {¶ 6} A motion for new trial pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990),55 Ohio St.3d 71, paragraph one of the syllabus. It is also within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrants an evidentiary hearing. State v. Clark (Nov. 22, 2000), Montgomery App. No. 17839, citing State v. Hill (1992), 64 Ohio St.3d 313, 333. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Upon review, we find no abuse of discretion by the trial court in denying appellant's motion based upon the doctrine of res judicata. The doctrine of res judicata "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." State v. Russell, Franklin App. No. 06AP-498,2006-Ohio-6221, at ¶ 12, quoting State v. Sneed, Cuyahoga App. No. 84964, 2005-Ohio-1865, at ¶ 16. In the present case, as noted above, in addition to the direct appeal of his conviction, appellant previously filed a series of motions that encompassed the very issues he raised in his motion for new trial. Under these circumstances, the trial court had discretion to deny, on the grounds of res judicata, appellant's motion for new trial. Russell, supra; State v. Sanders (May 19, 2000), Portage App. No. 99-P-0067. *Page 5 
 {¶ 8} Finding no abuse of discretion by the trial court, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.
[1] This decision rejected appellant's assertion that felony murder under R.C. 2903.02(B) is not a lesser-included offense of R.C.2903.01(B), felony aggravated murder.
[2] This decision rejected appellant's arguments that alleged ineffective assistance of appellate counsel.
[3] This decision rejected appellant's argument that State v.Smith, 104 Ohio St.3d 106, 2004-Ohio-238, had retroactive application. *Page 1