[Cite as *State v. Ditzler*, 2013-Ohio-4969.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

KENNETH S. DITZLER

    Appellant

C.A. No.    13CA010342

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    99CR053938

DECISION AND JOURNAL ENTRY

Dated: November 12, 2013

CARR, Judge.

{¶1}    Appellant, Kenneth Ditzler, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 2000, Ditzler was convicted by a jury of numerous offenses including rape, gross sexual imposition, and a sexually violent predator specification.  Ditzler appealed his convictions to this Court, raising eight assignments of error.  On March 28, 2001, this Court affirmed Ditzler's convictions.

{¶3}    More than eleven years later, on December 13, 2012, Ditzler filed a motion to vacate the sexually violent predator specification, arguing that it was void.  The State filed a memorandum in opposition on December 18, 2012.  On December 21, 2012, the trial court issued a journal entry denying the motion.

{¶4}    On appeal, Ditzler raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING MR. DITZLER'S MOTION TO VACATE HIS VOID SEXUALLY VIOLENT PREDATOR SPECIFICATION.

{¶5} In support of his assignment of error, Ditzler argues that his conviction on the sexually violent predator specification was void in light of the Supreme Court of Ohio's 2004 decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238. Ditzler contends that because the high court held that a defendant must have been convicted of a sexually violent offense prior to the time he was indicted on the sexually violent predator specification pursuant to R.C. 2971.01(H)(1), the trial court in this case was required to vacate his 2000 conviction. Ditzler emphasizes that the State never demonstrated that he was convicted of a sexually violent offense prior to the 1999 indictment in this case. In response, the State argues that the trial court correctly denied Ditzler's motion because there was no authority to justify applying the 2004 *Smith* decision retroactively to Ditzler's 2000 conviction.

{¶6} As noted above, Ditzler appealed his 2000 convictions, and this Court affirmed the trial court's judgment. *State v. Ditzler*, 9th Dist. Lorain No. 00CA007604, 2001 WL 298233, (Mar. 28, 2001).

{¶7} At the time Ditzler was convicted, R.C. 2971.01(H)(1) stated:

"Sexually violent predator" means a person who has been convicted of or pleaded guilty to committing, on or after [January 1, 1997], a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.

{¶8} Prior to 2004, there was a split among Ohio appellate courts in interpreting R.C. 2971.01(H)(1) as to whether the sexually violent offender specification could be satisfied by a contemporaneous conviction. In *State v. Haven*, 9th Dist. Wayne No. 02CA0069, 2004-Ohio-2512, ¶ 26, this Court held that "a defendant need not have a prior conviction for a sexually

violent offense at the time of indictment in order for a sexually violent predator specification to attach under R.C. 2941.148(A). A conviction on the underlying offense is enough." Other appellate courts interpreted R.C. 2971.01(H) to mean that the defendant must have been convicted of a sexually violent offense prior to conviction of the offense contained in the indictment. *See*, *e.g.*, *State v. Reigle*, 3d Dist. Hancock No. 5-2000-14, 2000 WL 1682520 (Nov. 9, 2000).

**{¶9}** In 2004, the Supreme Court of Ohio resolved the issue, holding that, "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." *State v. Smith*, 2004-Ohio-6238, syllabus.

**{¶10}** After the *Smith* decision, the General Assembly amended the statute to its current version. R.C. 2971.01(H)(1) now defines "sexually violent predator" as "a person who, on or after January 7, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." This Court has interpreted this amendment as an "unambiguous mandate" from the General Assembly that "a person need not have already been convicted of a sexually violent offense at the time of indictment to be indicted for and subsequently found guilty of a sexually violent predator specification." *State v. Hardges*, 9th Dist. Summit No. 24175, 2008-Ohio-5567, ¶ 50.

**{¶11}** With respect to the argument Ditzler now makes on appeal, we note that "[t]he *Smith* decision does not have retroactive application to closed cases." *Waver v. Gansheimer*, N.D. Ohio No. 1:06 CV 1239, 2009 WL 3151314 (Sept. 25, 2009), citing *State v. Haynes*, 10th Dist. Franklin No. 07AP-508, 2007-Ohio-6540. The Supreme Court of Ohio has held that "[a]

new judicial ruling may be applied only to cases that are pending on the announcement date."
*Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186 (1972). Thus, "[t]he new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali* at ¶ 6.

**{¶12}** Here, Ditzler's argument that his conviction is void is without merit. After being convicted in 2000 of numerous offenses including the sexually violent predator specification, his convictions were upheld by this Court on direct appeal in 2001. He did not appeal to the Supreme Court of Ohio. At the time the Supreme Court decided *Smith* in 2004, Ditzler's case was no longer pending. Thus, the *Smith* decision was not retroactively applicable to Ditzler's conviction on the sexually violent predator specification. *Ali* at ¶ 6. It follows that the trial court did not err in denying Ditzler's 2012 motion to vacate the specification.

**{¶13}** The assignment of error is overruled.

### III.

**{¶14}** Ditzler's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

STEPHEN P. HARDWICK, Assistant Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.