[Cite as *State v. Green*, 2012-Ohio-5648.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26323 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID LEE GREEN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 04 1058 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

CARR, Presiding Judge.

{¶1} Appellant David Green appeals his conviction in the Summit County Court of Common Pleas. This Court affirms in part, reverses in part and remands.

I.

{¶2} Green was arrested on April 18, 2011. He was later indicted on 17 charges, to wit: one count of aggravated robbery and one count of kidnapping, both felonies of the first degree and both counts carrying firearm and repeat violent offender specifications; one count each of having weapons while under disability, tampering with evidence, and failure to comply with order or signal of police officer, felonies of the third degree; one count each of carrying concealed weapons and failure to comply with order or signal of police officer, both felonies of the fourth degree; one count of violating a protection order, a felony of the fifth degree; one count each of aggravated menacing, domestic violence, and discharge of a firearm on or near prohibited premises, misdemeanors of the first degree; one count each of criminal damaging or

endangering, obstructing official business, and resisting arrest, misdemeanors of the second degree; and one count each of discharge of a firearm on or near prohibited premises, possession of marijuana, and illegal use or possession of drug paraphernalia, misdemeanors of the fourth degree. Green pleaded not guilty to all charges at arraignment.

{¶3} Green remained in jail as the matter proceeded over the course of eight and a half months until trial commenced on January 3, 2012. The State dismissed four counts immediately prior to trial and another two counts after it rested. Furthermore, Green pleaded guilty to four counts (having weapons while under disability, carrying concealed weapons, violating a protection order, and domestic violence) at the same time, leaving seven counts for the jury's consideration. The jury found Green guilty of aggravated robbery and the attending firearm specification, kidnapping and the attending firearm specification, tampering with evidence, failure to comply with order or signal of police officer, aggravated menacing, and resisting arrest. The jury acquitted Green of discharge of firearm on or near prohibited premises. Upon Green's request, the trial court considered the two repeat violent offender specifications and subsequently found him guilty of both. The trial court sentenced him to an aggregate term of 25 years in prison.

{¶4} Green filed a timely appeal in which he raises two assignments of error.

II.

### **ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING APPELLANT'S PRETRIAL MOTIONS TO DISMISS ON SPEEDY TRIAL GROUNDS.

{¶5} Green argues that the trial court erred by denying his motion to dismiss for a violation of his right to a speedy trial. This Court disagrees.

{¶6} "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." *State v. Downing*, 9th Dist. No. 22012, 2004-Ohio-5952, ¶ 36; *State v. Hamlet*, 9th Dist. No. 04CA008527, 2005-Ohio-3110, ¶ 15.

{¶7} The right to a speedy trial by the State is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). The same right is conferred to a criminal defendant by Section 10, Article I, Ohio Constitution. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1987). A criminal defendant may waive his right to a speedy trial if it is knowingly, voluntarily and intelligently made. *State v. Adams*, 43 Ohio St.3d 67, 69 (1989). The waiver must also be expressed in writing or made in open court on the record. *State v. King*, 70 Ohio St.3d 158 (1994), syllabus.

{¶8} R.C. 2945.71 et seq. is an enforcement mechanism to make sure the constitutional right to a speedy trial is upheld. *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus. R.C. 2945.71 dictates the time limits in which a defendant must be brought to trial. R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending *** [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) addresses the computation of time and provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Time is calculated to run the day after the date of arrest. *State v. Friedhof*, 9th Dist. No. 2505-M, 1996 WL 385612 (July 10, 1996), citing *State v. Steiner*, 71 Ohio App.3d 249, 250-251 (9th Dist.1991). *See also* Crim.R. 45(A).

{¶9} Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon motion for dismissal

prior to or at the commencement of trial. R.C. 2945.73(B). However, the time within which a defendant must be brought to trial can be tolled.

{¶10} R.C. 2945.72(H) provides that the statutorily prescribed time for a speedy trial may be lengthened by any period of continuance granted on the accused's own motion, or by any reasonable period granted other than on the accused's motion. *See also Hamlet* at ¶ 18. In addition, this Court has held that the time in which a trial court is required to bring a criminal defendant to trial is effectively extended, or tolled, when the defendant files a motion to dismiss until the time when the trial court denies the motion. *State v. Hughes*, 9th Dist. No. 02CA008206, 2003-Ohio-5045, ¶ 15, citing *State v. Bickerstaff*, 10 Ohio St.3d 62, 67 (1984). Additionally, R.C. 2945.72(E) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." The Ohio Supreme Court has held that "a demand for discovery [by the defendant] or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 26.

{¶11} In this case, Green was arrested on April 18, 2011, and time began to run for speedy trial purposes as of April 19, 2011. Time ran at a rate of three days for each day in jail until May 18, 2011, when Green filed various motions including a motion for a bill of particulars and a motion to extend time to file pretrial motions. Accordingly, the 29 days that elapsed counted as 87 days for speedy trial purposes. While time was tolled based on the pendency of the above motions, Green moved to dismiss the charges based on his attorney's alleged ineffective representation and because he had not been accorded a preliminary hearing. Before these issues had been fully resolved, the trial court issued a case management order which included Green's referral to Pyscho Diagnostic Clinic for a psychological evaluation. Trial was,

therefore, continued until October 11, 2011, to accommodate time for the evaluation. Although Green asserts that no time may be charged to him based on the psychological evaluation, both his attorney and he admitted during the final pretrial that the evaluation was ordered upon Green's motion. Accordingly, the order for the psychological evaluation continued to toll time for speedy trial purposes.

{¶12} Although Green asserted that the report from his psychological evaluation was time-stamped on September 1, 2011, there is no record of the report in the file or indication of its filing on the docket. On September 14, 2011, the State moved to continue the trial and noted that defense counsel agreed to the continuance as it would give both parties time to review the psychological evaluation. This is the first indication in the record that the psychological evaluation had been completed. Accordingly, time began to run for speedy trial purposes on September 14, 2011. On September 22, 2011, the trial court granted the continuance on the State's request. Accordingly, the record does not justify charging time against Green for this request for a continuance. On October 24, 2011, however, defense counsel moved to continue the final pretrial and trial based on a death in her family. Defense counsel asserted that this time was to be charged against Green. Accordingly, time again tolled for speedy trial purposes on that date of defense counsel's motion for a continuance. From September 14, 2011, to October 24, 2011, the 39 days that elapsed constituted 117 days due to Green's incarceration. In total, 204 days had run for speedy trial purposes.

{¶13} When the parties appeared for the newly scheduled final pretrial on November 14, 2011, the parties chose January 3, 2012, the first date available on the trial court's calendar, as the new date for trial. Defense counsel agreed on the record to schedule trial beyond the 270-day limit. On November 21, 2011, the trial court issued an order scheduling trial to begin on January

3, 2012, and noted that defense counsel had waived any irregularities as to Green's right to speedy trial until that date. Nevertheless, Green filed a motion to dismiss based on a violation of his right to speedy trial on December 16, 2011.

{¶14} Time reasonably would have begun to run on November 14, 2011, when the parties appeared to reschedule trial after Green's attorney moved on October 24, 2011, to continue trial. However, defense counsel's agreement at the final pretrial to reschedule trial beyond the time allowed for speedy trial served to extend the time limits for trial. "[T]he trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits. Moreover, the trial court's exercise of that discretion constitutes a continuance granted other than upon the accused's own motion under the second clause of R.C. 2945.72(H), and, as long as that continuance is reasonable, it extends the time limits of R.C. 2945.71 and does not deny an accused the right to a speedy trial." (Internal citations and quotations omitted.) *State v. McRae*, 55 Ohio St.2d 149, 152-153 (1978). Green's trial commenced on January 3, 2012, as agreed to by defense counsel. That date was reasonable given the fact that it was the first available date on the trial court's docket. Therefore, time continued to toll from the date of the final pretrial on November 14, 2011, until January 3, 2012.

{¶15} Based on the above calculations, only 68 days, which counted as 204 days based on Green's incarceration, elapsed for purposes of speedy trial prior to trial. Accordingly, the trial court did not err by denying his motion to dismiss for a violation of his right to speedy trial. Green's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT'S GUILTY PLEAS TO FOUR COUNTS OF THE INDICTMENT MADE DURING TRIAL WERE NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE WHEN THE TRIAL COURT ERRONEOUSLY INFORMED HIM THAT ENTERING A GUILTY PLEA TO THESE CHARGES WOULD NOT WAIVE HIS RIGHT TO RAISE A SPEEDY TRIAL ISSUE ON APPEAL, AND FAILED TO INFORM GREEN OF HIS CONSTITUTIONAL PRIVILEGE AGAINST COMPULSORY SELF-INCRIMINATION.

**{¶16}** Green argues that his guilty plea to the charges of having weapons while under disability, carrying concealed weapons, violating a protection order, and domestic violence must be vacated because his plea was not knowingly, voluntarily, and intelligently entered based on the trial court's assertion that he would preserve his right to appeal on the basis of speedy trial violations notwithstanding his guilty plea. The State concedes error. This Court agrees.

**{¶17}** Crim.R. 11(C)(2) prohibits a trial court from accepting a plea of guilty where the criminal defendant has not entered such plea voluntarily and with an understanding of the effect of plea. It is well established that "'where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal.'" *State v. Kelly*, 57 Ohio St.3d 127, 130 (1991), quoting *Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986). The trial court emphatically and repeatedly assured Green that he would preserve his right to raise the denial of his speedy trial rights on appeal notwithstanding his entering of a guilty plea to the four charges. Under those circumstances, Green did not enter his guilty plea with an understanding of the effect of his plea. Accordingly, Green's guilty plea to the charges of having weapons while under disability, carrying concealed weapons, violating a protection order, and domestic violence must be vacated. Green's second assignment of error is sustained.

III.

{¶18} Green's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

—

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

DICKINSON, J.
<u>CONCURRING.</u>

{¶19}    I concur in the majority's judgment and all of its opinion except paragraph six.


<u>APPEARANCES:</u>

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.