NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5586

THE STATE OF OHIO, CROSS-APPELLANT, *v*. TOWNSEND, CROSS-APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Townsend*, Slip Opinion No. 2020-Ohio-5586.]

*Sexually-violent-predator specifications—Retroactive application—Application of the current version of R.C. 2971.01(H)(1) to unindicted crimes committed before April 29, 2005, violates Ex Post Facto Clause—Judgment affirmed.*

(No. 2019-0606—Submitted June 16, 2020—Decided December 10, 2020.)

CROSS-APPEAL from the Court of Appeals for Cuyahoga County, No. 107186, 2019-Ohio-1134.

_____

**DONNELLY, J.**

{¶ 1} The Eighth District Court of Appeals vacated certain sexually-violent-predator specifications that had been applied to the sentence of cross-appellee, Albert Townsend, holding that as so applied, they violate the Ex Post Facto Clause of the United States Constitution. We affirm the judgment of the court of appeals.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2017, cross-appellant, the state of Ohio, indicted Albert Townsend on numerous counts of rape, kidnapping, and related crimes involving three victims. The state alleged that he committed these crimes against M.W. in January 2003, C.W. in January or February 2005, and B.G. in November 2006. The Cuyahoga County Grand Jury included sexually-violent-predator specifications on the nine counts of rape, complicity to commit rape, kidnapping, and attempted rape. A jury found Townsend guilty on all these counts, including the sexually-violent-predator specifications, and the trial court sentenced him to 56 years to life in prison. Because he was convicted of those specifications, his sentence was enhanced.

{¶ 3} Townsend appealed, and the court of appeals upheld his convictions on all assignments of error except those challenging his convictions on the sexually-violent-predator specifications that attached to the crimes that he committed before April 29, 2005. On the authority of *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, the court vacated Townsend's convictions on those specifications as violating the Ex Post Facto Clause of the United States Constitution. 2019-Ohio-1134, ¶ 66. The court of appeals remanded the cause to the trial court for resentencing. *Id*. at ¶ 67.

{¶ 4} Both parties sought this court's jurisdiction. We accepted jurisdiction over the state's cross-appeal, which presents the following proposition of law: "The General Assembly legislatively clarified the definition of sexually violent predator through [House Bill No.] 473. The amendment's application to a defendant who committed an offense prior to April 29, 2005 does not violate the Ex Post Facto Clause of the United States Constitution or Retroactivity Clause of the Ohio Constitution." *See* 157 Ohio St.3d 1418, 2019-Ohio-3797, 131 N.E.3d 956.

## II. ANALYSIS

### A. *Ex Post Facto Clause*

{¶ 5} Article I, Section 10, of the U.S. Constitution reads, "No State shall * * * pass any * * * ex post facto Law." The clause prohibits, among other things, "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798). See *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325-326, 18 L.Ed. 356 (1866) (the Ex Post Facto Clause forbids the enactment of laws that impose "a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed"). In essence, "the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), citing *Dobbert v. Florida*, 432 U.S. 282, 298, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

{¶ 6} Accordingly, the "touchstone of this Court's inquiry is whether a given change in law presents a ' "sufficient risk of increasing the measure of punishment attached to the covered crimes." ' " *Peugh v. United States*, 569 U.S. 530, 539, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013), quoting *Garner v. Jones*, 529 U.S. 244, 250, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000), quoting *California Dept. of Corrs. v. Morales*, 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). The United States Supreme Court has stated, "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver* at 30.

### B. *Former and current versions of R.C. 2971.01*

{¶ 7} The version of R.C. 2971.01(H)(1) in effect when Townsend committed the offenses against M.W. and C.W. defined "sexually violent predator" as "a person *who has been convicted of or pleaded guilty to committing*, on or after

the effective date of this section, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." (Emphasis added.) Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2652. The effective date of that version was January 1, 1997. *Id*. at 2560-2561, 2668. In *Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, at ¶ 18, we stated that the words of R.C. 2971.01(H)(1) "clearly indicate" that a defendant cannot be charged as a sexually violent predator unless the defendant has "already been convicted of a sexually violent offense." We therefore concluded, "Conviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." *Smith* at syllabus.

{¶ 8} Shortly thereafter, the General Assembly amended R.C. 2971.01(H)(1), effective April 29, 2005. Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5707, 5817, 5832. R.C. 2971.01(H)(1) now defines "sexually violent predator" as "a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." The state characterizes this amendment as a clarification and not a change in the law, asserting that it represented what the General Assembly had always intended and in any event created no new penalty.

### C. Applying R.C. 2971.01 to the crimes

{¶ 9} As a preliminary matter, the crimes against B.G. occurred after April 29, 2005, and are therefore not part of this cross-appeal. The crimes against M.W. and C.W. occurred before April 29, 2005. Accordingly, any application of the amended statute to Townsend based on the first two sets of crimes is patently retroactive—because the statutory change occurred after the offenses were committed. *See Weaver*, 450 U.S. at 30, 101 S.Ct. 960, 67 L.Ed.2d 17. The question is whether that application is constitutional.

4

{¶ 10} Of central concern in an Ex Post Facto Clause analysis is whether the defendant had "fair warning" and therefore notice of the change in the law. *Weaver* at 28. The Ex Post Facto Clause requires the government to " 'abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life.' " *Peugh*, 569 U.S. at 544, 133 S.Ct. 2072, 186 L.Ed.2d 84, quoting *Carmell v. Texas*, 529 U.S.513, 533, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000).

{¶ 11} Changes in sentencing laws implicate the Ex Post Facto Clause. In analyzing a change in federal sentencing guidelines, the Supreme Court of the United States concluded, "A retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Id.* The Supreme Court of the United States has invalidated on Ex Post Facto grounds a sentencing scheme that might have caused a defendant to receive a sentence greater than the sentence he would have received under the sentencing scheme in place when he committed his crimes. *Miller v. Florida*, 482 U.S. 423, 435-436, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

{¶ 12} In this case, the statutory change created more than "a sufficient risk of a higher sentence" by actually imposing a sexually-violent-predator specification on Townsend that had not applied when he committed his crimes. *Peugh* at 544. Townsend received a harsher sentence based on the difference between the sentencing scheme in place when he committed his crimes and the sentencing scheme in place when he was indicted.[1] The amendments to R.C. 2971.01(H)(1)

---

1. The state asserted in its reply brief and at oral argument that under the former version of the statute, the application of a sexually-violent-predator specification to an offense depended on whether an offender had a prior conviction when he was *indicted* for the offense and not when he *committed* the offense. Thus, in the state's view, Townsend was not subjected to a harsher penalty with respect to the offenses committed against C.W. in early 2005 because even under the prior version of the statute, he had notice that he could be indicted with a sexually-violent-predator specification if he were first convicted of his 2003 crimes against M.W. Because the state did not raise this argument in its initial brief on the merits, it has been forfeited, and we decline to consider it. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 18.

resulted in a new definition of "sexually violent predator" that allowed, for the first time, the underlying conduct in an indictment to satisfy the specification without a prior conviction. As a result, the amendment enhanced Townsend's punishment by subjecting him to indefinite sentencing under R.C. 2971.03. Without the sexually-violent-predator specification, Townsend would have faced a definite term of three to 10 years for the first-degree felony offenses (rape and kidnapping) that he committed before April 29, 2005. *See* former R.C. 2929.14(A)(1), Am.Sub.H.B. No. 327, 149 Ohio Laws, Part IV, 7536, 7567. Here, the trial court imposed a prison sentence of five years to life for each of the 2003 offenses in Counts 1, 2, 3, 7, and 11 and ten years to life for the 2005 offense in Count 9. Given the harsh consequences that the new sentencing scheme imposed on Townsend, we have no difficulty concluding that enforcing the new sentencing scheme against him did not comport with "principles of 'fundamental justice.' " *Peugh* at 546, quoting *Carmell* at 531.

{¶ 13} When he committed his crimes against M.W. and C.W., Townsend had not been convicted of or pleaded guilty to a sexually violent offense and therefore was not subject to being declared a sexually violent predator under the former statute pursuant to *Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, at syllabus. Based on the amendment to R.C. 2971.01(H)(1), which became effective on April 29, 2005, Townsend was properly indicted as a sexually violent predator regarding crimes committed after that effective date. The portion of the indictment alleging him to be a sexually violent predator for acts committed when the initial version of R.C. 2971.01(H)(1) was effective, however, is unconstitutional. *Weaver*, 450 U.S. at 30, 101 S.Ct. 960, 67 L.Ed.2d 17; *Miller* at 435-436. *See In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, ¶ 17, in which we stated that "only persons who commit their underlying offense on or after the *effective date* of [a punitive statute] can be constitutionally subjected to its requirements." (Emphasis sic.)

*D. Clarification*

{¶ 14} The state's proposition of law and argument emphasize the concept of clarification. The state marshals considerable evidence that in enacting Am.Sub.H.B. No. 473, the General Assembly believed that it was merely "clarifying" the sexually-violent-predator sentencing law. The General Assembly's characterization of the amendment as a "clarification," however, does not resolve our constitutional inquiry. "[I]t is the effect, not the form of the law that determines whether it is *ex post facto*." *Weaver* at 31. Legislative labels do not immunize laws from scrutiny under the Ex Post Facto Clause. *Collins v. Youngblood*, 497 U.S. 37, 46, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

{¶ 15} Moreover, we are unconvinced that amended R.C. 2971.01(H)(1) was a mere clarification. As discussed, before Am.Sub.H.B. No. 473, by the plain language of R.C. 2971.01(H)(1), Townsend could not have been indicted as a sexually violent predator because he had not been convicted of or pleaded guilty to a sexually violent offense. *See Smith* at ¶ 27 ("the General Assembly intended that a conviction of a sexually violent offense that existed prior to the current indictment must be used to support a sexually-violent-predator specification"). The state alleges that the enactment of Am.Sub.H.B. No. 473 clarified that Townsend had always been subject to indictment as a sexually violent predator. But we interpreted the meaning of the former version of the statute in *Smith*. The General Assembly's subsequent amendment of the statute does not undo this court's interpretation of the prior version. The amended statute subjected Townsend to a longer sentence. *Peugh*, 569 U.S. at 539, 133 S.Ct. 2072, 186 L.Ed.2d 84. By subjecting Townsend to a harsher sentence than he otherwise would have been subjected, the statute is unconstitutional as applied. *See State v. Haven*, 105 Ohio St.3d 418, 2005-Ohio-2286, 827 N.E.2d 319, in which, after the effective date of R.C. 2971.01(H)(1), we answered in the negative the following certified question: "Can an offender be

7

convicted of a sexually violent predator specification without there being a separate, prior conviction for a sexually violent offense?" *Id.* at ¶ 1-2.

### III. CONCLUSION

{¶ 16} We affirm the judgment of the court of appeals. The application of the current version of R.C. 2971.01(H)(1) to Townsend for his crimes in 2003 and 2005 violates the Ex Post Facto Clause of the United States Constitution. We remand the cause to the trial court for resentencing.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Mary M. Frey, Assistant Prosecuting Attorneys, for cross-appellant.

Timothy Young, Ohio Public Defender, and Patrick T. Clark, Assistant Public Defender, for cross-appellee.

_____