[Cite as *State v. Green*, 2021-Ohio-2912.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DAVID LEE GREEN

    Appellant

C.A. No.    29770

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 04 1058

DECISION AND JOURNAL ENTRY

Dated: August 25, 2021

HENSAL, Presiding Judge.

{¶1}    David Green appeals a judgment of the Summit County Court of Common Pleas that denied his motion to correct illegal sentence. For the following reasons, this Court affirms.

I.

{¶2}    As explained in this Court's decision in *State v. Green*, 9th Dist. Summit No. 26323, 2012-Ohio-5648, in 2011 the Grand Jury indicted Mr. Green on 17 charges. He pleaded guilty to four of the counts, the State dismissed six, and a jury found him guilty of all but one of the remaining seven counts. The trial court subsequently found Mr. Green guilty of two repeat violent offender specifications, and it sentenced him to a total of 25 years imprisonment. *Id*. at ¶ 3. This Court affirmed Mr. Green's convictions in part, but it reversed as to his guilty pleas, concluding that they were not made knowingly, voluntarily, and intelligently. *Id*. at ¶ 17.

{¶3}    In 2020, Mr. Green moved to correct an illegal sentence, arguing that the trial court was not authorized to sentence him as a repeat violent offender because it did not sentence

him to the maximum prison term on the related offenses. Specifically, he noted that, at the time of sentencing, the maximum sentence for the offenses that had the specification was 11 years. The trial court, however, only sentenced him to 10 years for those offenses. The trial court denied Mr. Green's motion, concluding that it was barred under the doctrine of res judicata. Mr. Green has appealed, assigning as error that the trial court denied his right to due process when it denied his motion to correct illegal sentence.

II.

ASSIGNMENT OF ERROR

GREEN'S U.S. CONSTITUTIONAL RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE TRIAL COURT DENIED GREEN'S MOTION TO CORRECT ILLEGAL SENTENCE VIA RES JUDICATA SINCE NO NOTICE WAS GIVEN BY THE GOVERNMENT ON TIME FRAME TO CHALLENGE UNLAWFUL SENTENCE.

{¶4} Mr. Green argues that the trial court failed to impose the sentence that was required by law and that his sentence, therefore, is void. He also argues that, because his sentence is void, res judicata did not bar him from making his argument for the first time in his motion to correct illegal sentence. He also argues that he did not know his sentence was void or the procedure for challenging such sentences until 2020.

{¶5} At the time Mr. Green filed his motion to correct illegal sentence, there were several Ohio Supreme Court cases holding that certain types of sentencing errors rendered that part of the sentence void and open to collateral attack at any time. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 33-34. In *Harper*, however, the Ohio Supreme Court overturned some of its precedent and held that the failure to properly impose post-release control in a sentence did not render that part of the sentence void. *Id*. at ¶ 40. In *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, the Court further explained that "[a] sentence is void only if

the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id*. at ¶ 27.

{¶6}   Mr. Green did not allege that the trial court lacked personal or subject matter jurisdiction.   He only argued that it was error for the court to sentence him as a repeat violent offender because it allegedly did not sentence him to the maximum prison term for the underlying offenses.   Under *Henderson*, such a mistake, even if true, would not make that part of his sentence void, only voidable.[1]   *Id*. at ¶ 34, 37.  "Neither the state nor the defendant can challenge [a] voidable sentence through a postconviction motion."   *Id*. at ¶ 43.   We, therefore, conclude that the trial court correctly determined that Mr. Green's motion to correct illegal sentence was barred under the doctrine of res judicata.   *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  Mr. Green's assignment of error is overruled.

III.

{¶7}   Mr. Green's assignment of error is overruled.   The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

---

[1] Mr. Green argues that the maximum sentence for the underlying offenses, aggravated robbery and kidnapping, which were felonies of the first degree, was 11 years.  Although that was the maximum sentence for those offenses at the time of his sentencing, the maximum sentence for a felony of the first degree at the time he committed them in April 2011 was 10 years.  R.C. 2929.14 (2012); R.C. 2929.14 (2011); *see State v. Townsend*, 163 Ohio St.3d 36, 2020-Ohio-5586, ¶ 5 (explaining that a State may not increase the punishment for a crime after it was committed).

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVID LEE GREEN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.