JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard on the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. Appellant Lamar Chaney appeals from common pleas court orders in four criminal cases in which the court overruled his motions to vacate or correct the sentences imposed upon him. These motions were based on the assertion that the sentences were illegal pursuant to recent decisions of the U.S. Supreme Court and Ohio Supreme Court in Blakely v. Washington (2004), 542 U.S. 296 andState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} In each of the four cases at issue here (as well as a fifth case which is not included in this appeal), appellant entered a plea of guilty to one or more criminal charges on October 24, 2000. The journal entries reflecting the pleas each state that "as part of plea in defendant's five pending cases, the state agrees to a sentence for defendant of no more than 15 years and no less than 20 years [sic]." Appellant was sentenced on December 27, 2000 as follows:
 Case No. 393419 — four years' imprisonment on each of four counts, to run concurrently with one another and concurrently with the sentences in the other cases. *Page 4 
 Case No. 393431 — seven years' imprisonment on one count, to run concurrently with the sentences in the other cases.
 Case No. 394011 — one year imprisonment on one count, to run consecutive to the sentence imposed in Case Nos. 392440 and 394297, and concurrent to the sentence imposed in Case Nos. 393431 and 393419.
 Case No. 394297 — nine years' imprisonment on each of three counts, to run concurrently with one another and with Case Nos. 393431 and 393419 but consecutive to Case Nos. 392440 and 394011.
 {¶ 3} On June 2, 2006, appellant filed a motion in each of these cases asking the court to vacate or correct the sentences because they were unconstitutional under Blakely and Foster. The court overruled these motions. Appellant now appeals these decisions.
 {¶ 4} Appellant urges that the sentences imposed upon him were void because they exceeded the statutory minimum terms and the court made them consecutive with one another based on statutes whichFoster declared unconstitutional.[1] Appellant did not have a direct appeal pending at the time that Foster was decided. The court inFoster emphasized that to vacate the sentence and resentence the offender was an appropriate remedy only for those cases pending on direct review. Foster at ¶¶ 104 and 106. In the context of collateral *Page 5 
review, "[application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." Teague v. Lane (1989), 489 U.S. 288, 309.
 {¶ 5} Appellant's motion before the trial court must be construed at a petition for post-conviction relief pursuant to R.C. 2953.21. When a criminal defendant, after his convictions become final, files a motion to vacate or correct his sentence on the basis that his constitutional rights have been violated, the motion is a petition for post-conviction relief as defined in R.C. 2953.21. State v. Reynolds (1997),79 Ohio St.3d 158.
 {¶ 6} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days after the expiration of the time for filing an appeal if no direct appeal was ever filed. Appellant's petitions were filed more than five years after the expiration of the time for appeal. Therefore, the court lacked jurisdiction to entertain the petition unless both of the following applied:[2]
 {¶ 7} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United *Page 6 
States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 8} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1).
 {¶ 9} Appellant cannot meet the first of these two conditions. Appellant's claim does not rely on any facts which he may have been unavoidably prevented from discovering. Furthermore, although appellant's claim is arguably[3] based on the United States Supreme Court's recognition of a new federal right, that right does not apply retroactively to post-conviction relief claims. Both Foster, atTf 104 and United States v. Booker (2005), 543 U.S. 220, 268, expressly held that they applied only to cases on direct review. They also do not meet the strict requirements of Teague v. *Page 7 Lane (1989), 489 U.S. 288, for retrospective application of a new constitutional rule to cases on collateral review.
 {¶ 10} Under Teague, 489 U.S. at 311, a new constitutional rule may apply retrospectively if it either (1) "places `certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe,'" or (2) is a watershed rule of criminal procedure which is implicit in the concept of ordered liberty and which affects the fundamental fairness and accuracy of the criminal proceeding. Because appellant's claim concerns the manner in which his sentence was determined, the first exception is clearly inapplicable. The second exception applies only narrowly to procedures "central to an accurate determination of innocence or guilt." Teague, 489 U.S. at 313. Certainly, the factual basis for sentencing is not central to a determination of guilt or innocence. Therefore, Blakely and Fosterdo not apply retrospectively to cases on collateral review.
 {¶ 11} Appellant's petition for post-conviction relief was not timely filed and appellant did not meet any of the exceptions set forth in R.C. 2953.23. Therefore, the common pleas court properly denied the petition. See, e.g., State v. Williams, Franklin App. No. 06AP-842,2007-Ohio-1015.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] The factual premise of one of these arguments simply does not apply to two of these cases. The sentences imposed in Case Nos. 393419 and 393431 are not consecutive. Therefore, this aspect of appellant's assignment of error is inapplicable to these cases.
[2] The other statutory exception, for cases in which DNA evidence establishes actual innocence, is inapplicable to this case. R.C. 2953.23(A)(2).
[3] We say "arguably" because the Supreme Court's decision inBlakely was an extension of its holding in Apprendi v. New Jersey
(2000), 530 U.S. 466, so it is questionable that Blakely establishes a "new" right. On the other hand, at least one federal court has noted that Blakely did establish a "new understanding of `statutory maximum'" as "the maximum [a judge] may impose without any additional findings," and therefore did create a new rule not dictated or compelled byApprendi. United States v. Robledo (S.D. Tex. 2005), 2005 U.S. Dist. LEXIS 43161, adopted by 2006 U.S. Dist. LEXIS 58197. *Page 1