[Cite as *State v. Stansell*, 2014-Ohio-1633.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100604**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL STANSELL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-97-356129

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**APPELLANT**

Michael Stansell, pro se
Inmate No. 355-967
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Michael Stansell, appeals the trial court's denial of his motion to vacate the sexually violent predator specification. For the reasons that follow, we affirm the trial court's decision, but remand for the imposition of postrelease control.

{¶2} In 1997, Stansell was charged in a thirty-eight count indictment for sex offenses stemming from unlawful sexual conduct with two minor-aged boys. Pursuant to a plea agreement, Stansell pled guilty to two counts of rape of a child under age 13, one count of rape with a sexually violent predator specification, two counts of corruption of a minor, one count of gross sexual imposition with a sexually violent predator specification, and one count of pandering. As part of the plea agreement, Stansell also entered into an agreed sentence on each count, for a total agreed sentence of 20 years to life in prison. The life tail was mandatory due to the sexually violent predator specifications.[1]

{¶3} This court affirmed Stansell's convictions in *State v. Stansell*, 8th Dist. Cuyahoga No. 75889, 2000 Ohio App. LEXIS 1726 (Apr. 20, 2000), and the Ohio Supreme Court denied Stansell's request to file a delayed appeal. *See State v. Stansell*, 91 Ohio St.3d 1527, 747 N.E.2d 252 (2001).

{¶4} In March 2013, Stansell filed a motion to vacate the sexually violent predator specification, which the trial court denied. Stansell appeals from the trial court's decision, raising four assignments of error.

---

[1] The term "life-tail" means an indefinite sentence with a maximum term of life in prison.

## I. Sexually Violent Predator Specification

**{¶5}** In his first assignment of error, Stansell contends that the trial court erred by classifying him under the sexually violent predator specification pursuant to R.C. 2971.01, 2971.03(A)(3), and 2929.14(B). While the assignment of error is phrased in terms of whether the trial court erred in "classifying" him under the sexually violent predator specification, the issue is whether the trial court erred in denying Stansell's motion to vacate the specification.

**{¶6}** The state contends that Stansell's claim is barred by res judicata. The doctrine of res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17. Regardless of whether the principles of res judicata apply here, we find that the trial court did not err in denying appellant's motion to vacate.

**{¶7}** Stansell moved the trial court to vacate the sexually violent predator sentencing enhancement specification based on the Ohio Supreme Court's decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283.

**{¶8}** The decision in *Smith* resolved a split among Ohio appellate courts interpreting former R.C. 2971.01(H)(1). Prior to 2004, and at the time Stansell was convicted, R.C. 2971.01(H)(1) stated, "'Sexually violent predator' means a person who has been convicted of or pleaded guilty to committing, on or after [January 1, 1997], a sexually violent offense and is likely to engage in the future one or more sexually violent offenses."

**{¶9}** The underlying conflict among appellate districts involved the interpretation of R.C. 2971.01(H)(1) as to whether the sexually violent offender specification could be satisfied by a contemporaneous conviction. *State v. Ditzler*, 9th Dist. Lorain No. 13CA010342, 2013-Ohio-4969, ¶ 8. In *State v. Haven*, 9th Dist. Wayne No. 02CA0069, 2004-Ohio-2512, ¶ 26, the court held that "a defendant need not have a prior conviction for a sexually violent offense at the time of indictment in order for a sexually violent predator specification to attach under R.C. 2941.148(A). A conviction on the underlying offense is enough." Other appellate districts interpreted R.C. 2971.01(H) to mean that the defendant must have been convicted of a sexually violent offense prior to conviction of the offense contained in the indictment. *See, e.g., State v. Reigle*, 3d Dist. Hancock No. 5-2000-14, 2000-Ohio-1786; *State v. Smith*, 5th Dist. Morrow No. CA-957, 2003-Ohio-3416.

**{¶10}** In 2004, the Supreme Court of Ohio resolved the issue holding that "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, syllabus.

**{¶11}** After the *Smith* decision, the General Assembly amended or clarified the statute to its current version. R.C. 2971.01(H)(1) now defines "sexually violent

predator" as "a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."

{¶12} This court has interpreted the General Assembly's purpose in revising R.C. 2971.01(H)(1) to allow for the inclusion of a sexually violent predator specification in the indictment of one being charged for the first time with a sexually violent offense. *State v. Green*, 8th Dist. Cuyahoga No. 96966, 2012-Ohio-1941, ¶ 25.

{¶13} In this case, Stansell contends, and relying on the holding in *Smith*, that because he had no criminal record prior to his indictment in this case, including any sexually motivated offenses, the life-tail imposed for the sexually violent predator specifications was invalid and his sentence was illegal and void. Accordingly, the issue before this court is whether the holding in *Smith* has retroactive application to Stansell's case.

{¶14} While the issue before this court is one of first impression in our district, the Ninth and Tenth Districts have previously considered the underlying issue and held that *Smith* does not have retroactive application to closed cases. *See State v. Draughon*, 10th Dist. Franklin Nos. 11AP-703 and 11AP-995, 2012-Ohio-1917; *Ditzler*, 9th Dist. Lorain No. 13CA010342, 2013-Ohio-4969. *See also Waver v. Gansheimer*, N.D.Ohio No. 1:06CV1239, 2009 U.S. Dist. LEXIS 89553, *26 (Sept. 1, 2009).

{¶15} In *Ditzler*, the Ninth District reasoned,

> The Supreme Court of Ohio has held that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, 819 N.E.2d 687, citing *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972). Thus,

"[t]he new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Ali* at ¶ 6.

*Ditzler* at ¶ 11. We agree.

{**¶16**} In this case, Stansell's case was not pending in any court. He filed his direct appeal in 2000, and his convictions and sentence were affirmed by this court. His motion to file a delayed appeal was denied by the Ohio Supreme Court in 2001. At the time the Supreme Court decided *Smith* in 2004, Stansell's case was no longer pending. Thus, the *Smith* decision has no retroactive application to Stansell's conviction on the sexually violent predator specification. Accordingly, the trial court did not err in denying Stansell's motion to vacate, and his first assignment of error is overruled.

## II. Life-tail Sentence

{**¶17**} In his second and third assignments of error, Stansell challenges the imposition of the life-tail to his sentences. However, having previously found that the sexually violent predator specification was proper, the imposition of the life-tail was also proper because Stansell pled guilty to rape and gross sexual imposition, each containing a sexually violent predator specification. Moreover, Stansell agreed to the life-tail sentence; thus, his argument on appeal is further overruled. *See Stansell* at *1 ("Stansell agreed to the sentence as part of a plea bargain * * *.") Accordingly, Stansell's second and third assignments of error are overruled.

## III. Postrelease Control

**{¶18}** In his fourth assignment of error, Stansell contends that the trial court erred by not imposing a period of postrelease control at the time of sentencing. We agree and res judicata does not prevent our consideration of this argument on appeal. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 322, ¶ 30.

**{¶19}** At sentencing, Stansell was sentenced on multiple counts, including charges that originated prior to the effective date of Am.Sub.S.B. No. 2 ("Senate Bill 2"). "Postrelease control was enacted as part of Senate Bill 2 and applies to crimes committed after July 1, 1996." *State v. Staffrey*, 7th Dist. Mahoning Nos. 10-MA-130 and 10-MA-131, 2011-Ohio-5760, ¶26, citing *State v. Rush*, 83 Ohio St. 3d 53, 54, 1998-Ohio-423, 697 N.E.2d 634. "[P]ostrelease control does not apply to pre-Am.Sub.S.B. No. 2 sentences for crimes committed on or before July 1, 1996 as postrelease control did not exist prior to July 1, 1996." *State v. Gavin*, 8th Dist. Cuyahoga No. 90017, 2008-Ohio-2042, ¶ 11.

**{¶20}** However, Counts 6, 21, 24, and 26 were offenses committed after the effective date of Senate Bill 2, thus subject to postrelease control. The fact that some of the offenses carry a life-tail does not negate the trial court's duty to impose postrelease control. *See* R.C. 2967.28, *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 27 (rape convictions require postrelease control as part of the sentence, postrelease control applies to indefinite or life sentences, and R.C. 2967.28(F) does not alter this requirement).

**{¶21}** Accordingly, we remand the matter for the limited purpose  for the trial court to properly advise and impose upon Stansell the requisite period of postrelease control.  *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 322, paragraph two of the syllabus ("The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control.  (*State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)").

**{¶22}** Stansell's fourth assignment of error is sustained.

**{¶23}** Judgment affirmed; case remanded to the trial court for the limited purpose of properly advising and imposing upon Stansell the requisite period of postrelease control.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR