[Cite as *State v. Stansell*, 2021-Ohio-2036.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,          :

                        No. 109023

    v.                                   :

MICHAEL STANSELL,                          :

    Defendant-Appellant.         :

---

EN BANC DECISION AND JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 17, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-97-356129-ZA

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Pursuant to App.R. 26(A)(2), Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, the en banc court has determined that a conflict exists between *State v. Stansell*, 8th Dist.

Cuyahoga No. 100604, 2014-Ohio-1633 ("*Stansell II*"), and the reconsidered opinion in *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-203 ("*Stansell III* reconsidered opinion"), and frames the question for en banc review as follows:

> Where a defendant's sentence exceeds statutory limitations, is the sentence void?[1]

**THE EN BANC DECISION**

{¶ 2} We find that where a defendant's sentence exceeds statutory limitations, the sentence is voidable, but not void, unless the sentencing court lacked subject-matter jurisdiction over the case or personal jurisdiction over the defendant.

{¶ 3} In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Ohio Supreme Court "realign[ed] its void-sentence jurisprudence" with the "traditional understanding" that a void judgment is one that is rendered without subject-matter jurisdiction over the case or personal jurisdiction over the parties. *Harper* at ¶ 4. The Ohio Supreme Court explained that it had created exceptions to this traditional rule, but these exceptions "burdened" courts with unnecessary litigation and "undermin[ed] the finality of criminal judgments." *Id.* at ¶ 3. The

[1] The state claims that the panel's finding in the *Stansell III* reconsidered opinion conflicts with *Stansell II* and *State v. Speed*, 8th Dist. Cuyahoga No. 105543, 2018-Ohio-277, regarding whether Stansell's sentence is void due to his sexually violent predator specification and whether his challenge to it is barred by res judicata. The state frames the conflict question as follows: "Whether the Ohio Supreme Court's decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d, applies retroactively to closed cases that became final prior to *Smith* being decided."

court held that if a trial court has subject-matter jurisdiction over the case and personal jurisdiction over the accused, an error in the trial court's imposition of postrelease control renders the court's judgment voidable, not void, and not subject to collateral attack. *Id.* at ¶ 4-5. The court cautioned "prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Id.* at ¶ 43.

{¶ 4} In *State v. Brooks*, 8th Dist. Cuyahoga No. 108919, 2020-Ohio-3286, this court extended the holding in *Harper* to apply to sentencing errors outside of the context of postrelease control. *Brooks* at ¶ 9. Brooks had filed a petition for postconviction relief arguing that his sentence of "life, without the possibility of parole until serving twenty (20) years" was void because it was contrary to the language of then R.C. 2929.03(C)(2) that stated, "twenty *full* years." (Emphasis sic.) *Id.* at ¶ 4. This court found that the sentencing court had subject-matter jurisdiction over Brooks's case and personal jurisdiction over him, and that pursuant to *Harper*, Brooks's sentence could be challenged only on direct appeal. *Id.* at ¶ 9.

{¶ 5} This court followed *Brooks* in *State v. Starks*, 8th Dist. Cuyahoga No. 109444, 2020-Ohio-4306, where Starks was sentenced to life imprisonment, without the parole eligibility after twenty years that former R.C. 2929.03 required. Starks argued in a postconviction motion that his sentence was void because it was

"not authorized by statute." *Id.* at ¶ 10. However, applying *Harper* and *Brooks*, we found that the sentencing court had subject-matter jurisdiction over Starks's case and personal jurisdiction over him, and that any sentencing error would render his sentence voidable, not void. *Id.* at ¶ 15. We therefore found that Starks could challenge his sentence only on direct appeal, and his postconviction argument was barred by the doctrine of res judicata. *Id.* at ¶ 15-16.

{¶ 6} After we released *Brooks* and *Starks*, the Ohio Supreme Court also extended *Harper* to sentencing errors beyond postrelease control in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Former R.C. 2929.02(B) required the trial court to sentence Henderson to an indefinite sentence of 15 years to life, but the trial court instead sentenced him to "15 years" without the life tail. *Id.* at ¶ 39-40. When the state challenged the sentence via a postconviction motion, the Ohio Supreme Court found that "there is no dispute that the sentence is unlawful" but that the error rendered the sentence voidable, not void, and the state could not correct the error in a postconviction motion. *Id.* at ¶ 40.

{¶ 7} Based on *Harper* and *Henderson*, the current void-sentence jurisprudence of the Ohio Supreme Court is clear: if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void. We must apply this bright-line rule to the question for en banc review: sentences that exceed statutory limitations, so long as the trial court had subject-matter jurisdiction over

the case and personal jurisdiction over the defendant, are likewise voidable, not void.

{¶ 8} The Ohio Supreme Court created no exception to its realigned void-sentence jurisprudence for sentences that exceed statutory limitations. Under *Henderson*, as long as "the court has jurisdiction over the case and the person, *any error* in the court's exercise of that jurisdiction is voidable." (Emphasis added.) *Id.* at ¶ 34. The court did not limit its holding to specific types of errors or to situations where an error causes the defendant to spend less time incarcerated than statutorily mandated. Indeed, the court explained in *Henderson* that one of the reasons it was realigning its void-sentence jurisprudence was because the previous case law "created uncertainty, inconsistency, frustration, and confusion" regarding how to apply the voidness doctrine to particular judgments. *Id.* at ¶ 32. By realigning the void-sentence doctrine to "the traditional understanding of what constitutes a void judgment," the court meant to "remove that confusion" and "restore predictability and finality to trial-court judgments and criminal sentences." *Id.* at ¶ 33. It intended to narrow void judgments to those rendered by a court without subject-matter jurisdiction over the case or personal jurisdiction over the accused. *Id.* at ¶ 38.

{¶ 9} The *Stansell III* reconsidered opinion's holding that sentences exceeding statutory limitations are void is therefore against the Ohio Supreme Court's precedent in *Harper* and *Henderson*. The holding also conflicts with this court's opinion in *Starks* that a sentence "not authorized by statute" was voidable,

not void, despite the harsh reality that Starks is now spending life in prison without the parole eligibility to which he was entitled under former R.C. 2929.03.

{¶ 10} We recognize that the application of the Ohio Supreme Court's current void-sentence jurisprudence can be unjust, especially in cases like this one and *Starks* where the sentencing error is not challenged on direct appeal and causes the defendant to spend "unwarranted time incarcerated." *Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, at ¶ 48 (O'Connor, C.J., concurring in judgment only). We echo the concerns expressed in Chief Justice O'Connor's concurring in judgment only opinion in *Henderson* that the majority opinion "elevate[s] predictability and finality over fairness and substantial justice." *Id.* at ¶ 47. However, we are constrained to follow the Ohio Supreme Court's holdings in the majority opinions in *Harper* and *Henderson.*

{¶ 11} We therefore hold that so long as the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error, including the imposition of a sentence that exceeds statutory limitations, is not void, but voidable. To secure and maintain uniformity of decisions within the district, we vacate the panel decision issued in *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-203, and issue this decision as the final decision in this appeal.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., KATHLEEN ANN KEOUGH, EILEEN A. GALLAGHER, EILEEN T. GALLAGHER, MICHELLE J. SHEEHAN, LISA B. FORBES, and EMANUELLA D. GROVES, JJ., CONCUR;

SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE OPINION;

LARRY A. JONES, SR., J., DISSENTS WITH SEPARATE OPINION with MARY EILEEN KILBANE and ANITA LASTER MAYS, JJ.

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 12} Although I fully concur with the majority's conclusion that *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776 (collectively "*Harper/Henderson*"), apply to preclude collateral attacks of any sentencing error and not just those that inure to the benefit of a defendant, there are two additional points that should be discussed.

{¶ 13} First and foremost, the Ohio Supreme Court resolved the question we are answering in this en banc review even before *Stansell III* was released. *State ex rel. Romine v. McIntosh*, Slip Opinion No. 2020-Ohio-6826 (imposing sentences upon allied offenses in violation of R.C. 2941.25 renders the conviction voidable even though the offender was subject to a greater punishment than the legislature authorized). Thus, our review is based on correcting an erroneous decision that contradicted binding authority — no new ground is being trod. More important, there is a trend, not limited to this case, of appellate panels suggesting that the law on finality of criminal judgments may be set aside based on policy determinations. This sets a dangerous precedent that we should strive to curtail.

**I.    The Ohio Supreme Court has already concluded that a sentence punishing an offender in excess of that which is legislatively authorized, renders the sentence voidable and subject to correction only in the direct appeal.**

{¶ 14} Under *Harper/Henderson*, any errors in the imposition of the final sentence are voidable, and can be corrected only through a direct appeal rather than through a collateral attack in a postconviction proceeding. In the panel decision, *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-203 ("*Stansell III*" reconsidered opinion), the defendant filed a motion to vacate what he asserted to be a void sentence in 2019. *Id.* at ¶ 11-13. The sentence was originally imposed in 1998, so the trial court denied the motion. *Id.* In the appeal of the collateral proceeding, the panel concluded that the doctrine of res judicata did not preclude the trial court from modifying what was deemed to be an erroneous sentence because "res judicata is generally inapplicable 'where life or liberty is at stake.'" *Id.* at ¶ 30, quoting *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The dissent maintains this position in this en banc review. According to the original panel, "the trial court here imposed a sentence outside of its authority; *Harper* and *Henderson* should not serve as a bar to this court's review." *Id.* at ¶ 31. *Stansell III* concluded that the sentence imposed was void and subject to collateral attack despite *Harper/Henderson*. *Stansell III* at ¶ 23 and 29.

{¶ 15} No matter how well intentioned, intermediate appellate panels lack authority to disregard binding precedent. The sole question presented for the panel's review was whether the trial court correctly determined that it lacked

continuing jurisdiction to modify the final sentence, i.e., erred in determining whether the imposed sentence was void (in which case the trial court maintained continuing jurisdiction to modify the sentence) or merely voidable (in which case the trial court lacked jurisdiction to modify the final sentence). *State v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. The panel did not resolve that question, but instead bypassed the jurisdiction issue and concluded that res judicata did not apply based on issues of equity and fairness, and as a result, the trial court erred by not modifying the final sentence. *Stansell III* at ¶ 29.

{¶ 16} Lost in this debate is the fact that appellate panels cannot independently modify or collaterally attack a final judgment that the trial court had no jurisdiction to alter. In other words, the appellate panel is not an independent arbiter of the validity of a final sentence and cannot substitute its view for that of the trial court where the issue was one of continuing jurisdiction. The trial court either had jurisdiction to modify the underlying sentence or did not have jurisdiction. An appellate panel cannot create its own jurisdiction merely to modify or change a result the panel finds unfair or unpalatable; the sole question in this type of case is whether the trial court correctly resolved the question of its jurisdiction to modify a final sentence.

{¶ 17} This inquiry is not about the constitutionality of a proceeding or the apparent error in imposing a sentence beyond the maximum permitted by law; it is about whether a trial court has continuing jurisdiction after entering the final entry

of conviction in a criminal case. *See, e.g. State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 38-39 (trial court lacked jurisdiction to consider the defendant's claim as being either a petition for postconviction relief or a motion for new trial under Crim.R. 33, and without another basis to secure the trial court's jurisdiction, the motion must be denied). Once a court of competent jurisdiction renders a final sentence in a criminal action, that court's continuing jurisdiction to act in postconviction proceedings is limited. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23, citing *Zaleski.* There must be a jurisdictional basis for the trial court to act. *Apanovitch* at ¶ 38-39.

{¶ 18} A defendant can invoke the trial court's continuing jurisdiction following the issuance of a final sentencing entry in several ways, for example, through (1) filing a motion to correct a void judgment under *Zaleski*; (2) filing a timely or successive petition for postconviction relief under R.C. 2953.21; (3) filing a motion for a new trial under Crim.R. 33; or (4) filing a postsentence motion to withdraw a plea under Crim.R. 32.1. Because the trial court's jurisdiction to consider postconviction motions or petitions is limited, the initial inquiry is whether the trial court may invoke its continuing jurisdiction to consider the particular postconviction motion filed. If the motion does not demonstrate that the sentence is void, that it is a timely petition for postconviction relief or motion for a new trial, or is not properly considered as a postsentence motion to withdraw a plea, the trial

court simply lacks jurisdiction to consider the merits of the motion filed following the final entry of conviction. *See, e.g.*, *Apanovitch.*

{¶ 19} A trial court possesses continuing jurisdiction only for the purposes of vacating a void judgment. *Id.* If the judgment is not void, the court lacks a basis to assert its continuing jurisdiction to act, and denying the motion merely reflects the ministerial task of disposing of the active motion on the court's docket. Although this concept is derived from the principles of res judicata, it should not be confused with the affirmative defense of res judicata. Jurisdiction and res judicata are two distinct concepts. Res judicata may be considered only if the trial court possesses continuing jurisdiction over the criminal conviction. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 14. The scope of an appeal in this situation is limited to determining whether the trial court correctly denied the motion to vacate the void judgment, in other words, whether the trial court correctly determined that it lacked jurisdiction to modify the final sentence.

{¶ 20} Although the doctrine of res judicata can impact the postconviction, collateral proceedings, that is an affirmative defense and the tribunal must first possess jurisdiction in order to consider the applicability of the res judicata doctrine. Simply put, application of res judicata does not exist in a vacuum. *State ex rel. McGirr v. Winkler*, 152 Ohio St.3d 100, 2017-Ohio-8046, 93 N.E.3d 928, ¶ 17, citing *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.*, 74 Ohio St.3d 19, 20-21, 655 N.E.2d 1303 (1995), and *State ex rel. Flower v. Rocker*, 52 Ohio

St.2d 160, 162, 370 N.E.2d 479 (1977); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (res judicata applies and "may operate" to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence).

{¶ 21} In order to apply or consider the doctrine of res judicata to a final sentence, the trial court must first possess continuing jurisdiction to modify the final sentence — in other words, res judicata could potentially be considered in situations in which the trial court is reviewing a void sentence but has no bearing on the trial court's lack of continuing jurisdiction to modify a sentence that is merely voidable. *Flower* at 162 (writ of prohibition was not warranted because the court had jurisdiction to rule on the affirmative defense of res judicata). The dissent's observation regarding an exception to the doctrine of res judicata did not obviate the impact of *Harper/Henderson* with respect to the trial court's lack of continuing jurisdiction to modify a sentence that is voidable. The affirmative defense of res judicata is never implicated in that situation because a trial court must possess continuing jurisdiction to consider the merits of the res judicata defense. Since a sentence that is merely voidable cannot be collaterally attacked, the doctrine of res judicata is irrelevant. It is not res judicata that binds the trial court's action, but instead is the trial court's lack of jurisdiction. *Holdcraft* at ¶ 14.

{¶ 22} Further, even if we set aside the issue of the trial court's lack of jurisdiction to modify the sentence, the Ohio Supreme Court has already resolved

the question posed for our review en banc: Where a defendant's sentence exceeds statutory limitations, is the sentence void?  In *McIntosh*, Slip Opinion No. 2020-Ohio-6826, the Ohio Supreme Court reaffirmed its commitment to the *Harper/Henderson* rationale and concluded that that even if a trial court "has imposed greater punishment than the legislature authorized[,]" such a sentence is not void  *Id.* at ¶ 15-16.  In that case, the defendant was sentenced to what were deemed allied offenses by the trial court before imposing sentence in direct violation of R.C. 2941.25.  Despite this sentencing error imposing a greater punishment than authorized, *McIntosh* concluded that the defendant must timely appeal those sentences.  *Id.*  Importantly, *McIntosh* did not distinguish *Harper/Henderson* based on the fact that the offender was sentenced in excess of that which was legally permitted.  *Id.* at ¶ 15.

{¶ 23} Instead, it was concluded that "[t]he imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction, to be challenged at sentencing and remedied on direct appeal."  *Id.* at ¶ 13.  In so concluding, *McIntosh* expressly overruled *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28, in which it was concluded that "the imposition of separate sentences for those offenses — even if imposed concurrently — is contrary to law" and the sentences are considered void.  Sentences exceeding that which is statutorily permitted necessarily fall under the ambit of *Harper/Henderson.  Id.*  Under *McIntosh,* the imposition of separate sentences for

allied offenses, even if imposed concurrently, renders the sentence voidable, but not subject to collateral attack despite the fact that the offender is being punished in excess of what the law permits. As it applies to our discussion, *Stansell's* conclusion, limiting *Harper/Henderson* to situations in which the challenged sentence is less than required by law, was superseded by *McIntosh* and controls our en banc review.[2]

{¶ 24} The motion to vacate the void sentence at issue in this case was properly denied by the trial court under *Harper/Henderson* because the trial court lacked continuing jurisdiction to modify the final sentence that was merely voidable. *Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19.

## II. Finality of convictions are essential to the administration of the criminal justice system.

{¶ 25} In the panel opinion *(Stansell III)*, *Harper/Henderson* was distinguished on the basis that a defendant should not serve a greater punishment than legislatively authorized because res judicata should not be applied "'in particular situations as fairness and justice require, and * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" *Stansell III* at

---

[2]The natural question that arises from this change is, what relief could a defendant who failed to appeal a ruling have if the state moved to impose a penalty that was more than the maximum? In *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.* 161 Ohio St.3d 209, 2020-Ohio-4410, 161 N.E.3d 646, a writ of mandamus was granted to prevent the Ohio Department of Rehabilitation and Correction ("ODRC") from adding additional time to the original sentence issued in error, concluding that any errors in the final entry of conviction must be timely challenged and cannot be unilaterally corrected by the trial court or the ODRC. *Id.* at ¶ 17. It logically follows, that offenders seeking to challenge an allegedly erroneous sentence must do so in a timely direct appeal. If the error is not timely challenged, it could only be raised in a motion to reopen the appeal under App.R. 26(B) or, if no appeal had been filed, as a delayed appeal under App.R. 5(A).

¶ 30, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386-387, 653 N.E.2d 226 (1995) (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d, Judgments, Section 522, at 785-787 (1994), and *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 202, 443 N.E.2d 978 (1983).  Omitted from the quoted language is Justice Douglas's admonition that "the public policy underlying the principle of res judicata must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which to present his case." *Grava* at 386.  Under Ohio law, all defendants have the opportunity to challenge the legality of their conviction, at times through multiple means, but the notion espoused in the panel decision, that justice requires circumvention of finality through successive appeals twenty years after the imposition of the sentence, seems to only inure to the benefit of the defendant.

{¶ 26} This attempt to obviate principles of finality from criminal convictions presents a cautionary tale, further exemplified by the dissent's reliance on *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), for the proposition that "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." In *Sanders,* the Court was discussing the "familiar principle" that res judicata was inapplicable in habeas proceedings.  However, while res judicata may not bar review in a habeas proceeding, "federal habeas corpus relief does not lie for errors of state law[,]" including errors in sentencing procedures.  *Gibboney v. Ransom*, E.D.Pa.

No. 19-cv-3534, 2019 U.S. Dist. LEXIS 203153, 12-13 (Nov. 19, 2019), quoting *Richmond v. Lewis*, 506 U.S. 40, 51, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992), and *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). *Sanders* is inapplicable.

{¶ 27} The principle of finality is "essential to the operation" of the criminal justice system. *Teague v. Lane*, 489 U.S. 288, 309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). "Without finality, the criminal law is deprived of much of its deterrent effect. The fact that life and liberty are at stake in criminal prosecutions 'shows only that "conventional notions of finality" should not have *as much* place in criminal as in civil litigation, not that they should have *none*.'" (Emphasis sic.) *Id.*, quoting Friendly, *Is Innocence Irrelevant? Collateral Attacks on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 150 (1970); *see also State v. Chaney*, 8th Dist. Cuyahoga No. 88529, 2007-Ohio-2231, ¶ 4 (citing *Teague* with approval). *Harper/Henderson* resurrected the lost notion of finality in criminal convictions. Although the practical applications of *Harper/Henderson* preclude either the state or the defendant from perpetually reopening convictions, that does not result in an unjust application of law. All parties have the opportunity to their day in court to fully challenge any conviction.

{¶ 28} Further, a defendant-centric application of justice generally ignores a victim's rights. If, as the *Stansell III* panel concludes, it would be "unjust" to preclude a defendant from perpetually challenging his sentence until finding a

sympathetic ear, should the victim not be offered that same opportunity to see that the perpetrator of their crime has been punished within the bounds of the law? In *Henderson*, the legislature authorized a life sentence with the possibility of parole after 15 years. The victim was in a sense entitled to have the perpetrator of the crime imprisoned for life. Instead, the trial court mistakenly imposed a definite 15-year term of imprisonment. That sentence, despite not being authorized by law, was deemed voidable and not subject to collateral attack. *Id.* To suspend the rule of finality for defendants, to the exclusion of victims of the crimes, seems to provide a class of persons an advantage not available to all. This is not a path taken lightly considering Ohio's constitutional amendment to secure victim's rights in criminal proceedings. Article I, Section 10a of the Ohio Constitution ("Marsy's Law").

{¶ 29} From the victim's perspective, how does justice permit that windfall to the defendant when the defendant would be entitled to perpetually challenge his sentence as exceeding that which is authorized? All too often, it seems that the sense of what is just and fair focuses on the defendant to the exclusion of the victim. The combination of *Harper/Henderson* and *McIntosh* can be deemed many things, but at the least, it provides an equal playing field for all parties in the criminal justice system.

## III. There is no merit to Stansell's appeal.

{¶ 30} There is no need to dwell on the merits of Stansell's claims. As the panel recognized, this is Stansell's second appeal to this court over the issue of

whether the trial court erred by not vacating his sexually violent predator specifications. *Stansell III* at ¶ 2. Stansell's claims rely on application of *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, syllabus, in which the Ohio Supreme Court held that a "[c]onviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually violent predator specification are charged in the same indictment." Stansell's convictions predated *Smith*.

{¶ 31} In *State v. Stansell*, 2014-Ohio-1633, 10 N.E.3d 795, ¶ 14 (8th Dist.) ("*Stansell II*"), the panel concluded that "*Smith* does not have retroactive application to closed cases." *Id.*, citing *State v. Draughon*, 10th Dist. Franklin Nos. 11AP-703 and 11AP-995, 2012-Ohio-1917, and *State v. Ditzler*, 9th Dist. Lorain No. 13CA010342, 2013-Ohio-4969. Stansell's claims were overruled, and this ends any need for further inquiry into this matter. Stansell challenged his conviction and lost. *Id.*, *delayed appeal denied, State v. Stansell*, 140 Ohio St.3d 1413, 2014-Ohio-3785, 15 N.E.3d 882. Further, *Stansell II's* conclusion was in keeping with constitutional norms. *Styers v. Ryan*, 811 F.3d 292, 297 (9th Cir.2015), citing *Griffith v. Kentucky*, 479 U.S. 314, 323, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("When a constitutional rule is announced, its requirements apply to defendants whose convictions or sentences are pending on direct review or not otherwise final."). There is no need for the further expenditure of judicial resources in this matter.

{¶ 32} Accordingly, I concur with the majority's conclusion, only insofar as the Ohio Supreme Court has already resolved the question we are tasked with answering. Because finality in convictions should be equally applied as against defendants and the state, which represents Ohio citizens and the victims, the rationale advanced in the panel decision must be rejected. On this basis, Stansell's motion to vacate a void judgment was properly denied. Since there is no need for the panel to consider anything further, I would affirm on the merits.

LARRY A. JONES, SR., J., DISSENTING:

{¶ 33} Respectfully, I dissent. As I said in the *Stansell III* reconsidered opinion, I believe this case is distinguishable from *Harper* and *Henderson*. Specifically, unlike the defendants in *Harper* and *Henderson*, in this case, Stansell will end up serving more time that what was statutorily allowed at the time he was indicted and sentenced. This case is the perfect example of what the United States Supreme Court spoke about regarding the doctrine of res judicata — that is, that "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

{¶ 34} Accordingly, I dissent.

**DECISION OF THE MERIT PANEL**

LARRY A. JONES, SR., P.J.:

{¶ 35} This matter has been returned to the original merit panel[3] for disposition after the en banc court majority opinion determined that where a defendant's sentence exceeds statutory limitations, the sentence is voidable; it is only void if the sentencing court lacked subject-matter jurisdiction over the case or personal jurisdiction over the defendant. In light of the en banc court's majority opinion, we are again called on to apply the law as resolved by the en banc court and address the other argument raised in Stansell's original appellate brief. Stansell's assignment of error reads: "The trial court erred as a matter of law in denying Appellant's Motion to Vacate Sexually Violent Predator Specification and Re-Sentence Defendant."

{¶ 36} In this appeal, Stansell challenges his sentence on two grounds: first, contending that it is void and, second, contending that it is a violation of ex post facto law. As the writer of this majority merit panel opinion, I am constrained to follow the law as determined by the en banc majority court; consequently, this majority opinion of the merit panel affirms the trial court's decision.

**Factual and Procedural History**

{¶ 37} In 1997, Stansell was sentenced for certain rape offenses that included two "life-tail" sexually violent predator specifications. The law at the time did not allow the specifications for offenders who had not previously been convicted of a

---

[3]At the time the last opinion in this case was issued, *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-203, Judge Patricia Blackmon was on the merit panel for this case. Judge Blackmon has since retired, and Judge Emanuella Groves has assumed Judge Blackmon's docket.

sexually oriented offense. Stansell did not have any prior convictions for a sexually oriented offense. Stansell filed a direct appeal from his convictions, but did not challenge the sexually violent predator specifications. *State v. Stansell*, 8th Dist. Cuyahoga No. 75889, 2000 Ohio App. LEXIS 1726 (Apr. 20, 2000) ("*Stansell I*"). In 2004, in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, 818 N.E.2d 283, the Ohio Supreme Court found that the specifications could not be applied to defendants who, like Stansell, lacked prior convictions for sexually oriented offenses.

{¶ 38} In 2014, Stansell brought his first challenge to his specifications in *State v. Stansell*, 8th Dist. Cuyahoga No. 100604, 2014-Ohio-1633 ("*Stansell II*"). This court declined to adopt Stansell's argument that his sentence was void and refused to apply the Ohio Supreme Court's decision in *Smith* retroactively.

{¶ 39} This appeal started in 2019, when Stansell again challenged the specifications. *State v. Stansell*, 2020-Ohio-3674, 154 N.E.3d 1179 (8th Dist.) ("*Stansell III*"). In the original panel opinion, the majority found Stansell's sentence to be void under an ex post facto rationale and vacated his sexually violent predator specifications. In doing so, the majority relied on the void sentencing doctrine as it existed prior to the Ohio Supreme Court's decisions in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776.

{¶ 40} Upon reconsideration, the panel issued a reconsidered opinion distinguishing the holdings in *Harper* and *Henderson* from this case based on the fact that the trial court exceeded its statutory authority in sentencing Stansell in 1997. *State v. Stansell*, 8th Dist. Cuyahoga No. 109023, 2021-Ohio-203 ("the reconsidered opinion"). The reconsidered opinion acknowledged that it was not following the decision in *Stansell II* in regards to voidness.

{¶ 41} As discussed in the en banc portion of this opinion, the reconsidered opinion's interpretation of *Harper* and *Henderson* conflicted with *State v. Brooks*, 8th Dist. Cuyahoga No. 108919, 2020-Ohio-3286, and *State v. Starks*, 8th Dist. Cuyahoga No. 109444, 2020-Ohio-4306. It has now been decided by a majority of this court en banc that where a defendant's sentence exceeds statutory limitations, the sentence is voidable; it is only void if the sentencing court lacked subject- matter jurisdiction over the case or personal jurisdiction over the defendant. We now apply that law to Stansell's contention raised in his original brief that his sentence is void, and address the remaining issue of whether his sentence was in violation of ex post facto principles.

**Analysis**

{¶ 42} In regard to the void and voidable distinction, the common pleas court had subject-matter jurisdiction over Stansell's case. The court also had personal jurisdiction over Stansell. Thus, the sentence cannot be void; if anything, it could only be subject to vacation on the ground that it was voidable. Under

*Harper*, "[w]hen the sentencing court has jurisdiction to act, sentencing errors * * * render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.* at ¶ 42. Because Stansell did not challenge his sentence on direct appeal, it must stand.

{¶ 43} We likewise find that Stansell's appeal does not withstand a challenge based on ex post facto law. Article I, Section 10, U.S. Constitution forbids state legislatures from passing any ex post facto law. "The Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *California Dept. of Corr. v. Morales*, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), quoting *Collins v. Youngblood*, 497 U.S. 37, 41-43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *see also Beazell v. Ohio*, 269 U.S. 167, 169-170, 46 S.Ct. 68, 70 L.Ed. 216 (1925). "Of central concern in an Ex Post Facto Clause analysis is whether the defendant had 'fair warning' and therefore notice of the change in the law." *State v. Townsend*, Slip Opinion No. 2020-Ohio-5586, ¶ 10, quoting *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

{¶ 44} Here, the version of R.C. 2971.01(H)(1) in effect when Stansell committed the crimes defined a sexually violent predator as a person who had previously been convicted of a sexually oriented offense. Although it is true that Stansell did not fit the definition of sexually violent predator because he did not have a prior conviction, the law was not applied retroactively to him; therefore, there was no ex post facto implication.

{¶ 45} Stansell cites the following cases in support of his ex post facto challenge: *State v. Clipps*, 8th Dist. Cuyahoga No. 107747, 2019-Ohio-3569, *State v. Frierson*, 8th Dist. Cuyahoga No. 10682, 2019-317, and *State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134.[4] Those cases are all distinguishable from this case, however, because the successful ex post facto challenge in those cases related to crimes that were committed before the April 2005 amendment to the definition of a sexually violent predator, but upon which the state sought to have the amended statute apply. The court elaborated, for example, in *Townsend* as follows:

> In this case, the statutory change created more than "a sufficient risk of a higher sentence" by actually imposing a sexually-violent-predator specification on Townsend that had not applied when he committed his crimes. Townsend received a harsher sentence based on the difference between the sentencing scheme in place when he committed his crimes and the sentencing scheme in place when he was indicted. The amendments to R.C. 2971.01(H)(1) resulted in a new definition of "sexually violent predator" that allowed, for the first time, the underlying conduct in an indictment to satisfy the specification without a prior conviction. As a result, the amendment enhanced Townsend's punishment by subjecting him to indefinite sentencing under R.C. 2971.03. Without the sexually-violent-predator specification, Townsend would have faced a definite term of three to 10 years for the first-degree felony offenses (rape and kidnapping) that he committed before April 29, 2005. Here, the trial court imposed a prison sentence of five years to life for each of the 2003 offenses in Counts 1, 2, 3, 7, and 11 and ten years to life for the 2005 offense in Count 9. Given the harsh consequences that the new sentencing scheme imposed on Townsend, we have no difficulty concluding that enforcing the new sentencing

---

[4]*Clipps*, *Townsend*, and *Frierson* were accepted by the Ohio Supreme Court for review. The court has affirmed this court's decisions in all three cases vacating certain sexually violent predator specifications as violating ex post facto law. *See State v. Clipps*, 162 Ohio St.3d 313, 2020-Ohio-6748, 165 N.E.3d 31; *State v. Townsend*, Slip Opinion No. 2020-Ohio-5586; and *State v. Frierson*, 162 Ohio St.3d 193, 2020-Ohio-6749, 164 N.E.3d 453.

scheme against him did not comport with "principles of 'fundamental justice.'"

(Citations omitted) *Townsend* at ¶ 12, quoting *Peugh v. United States*, 569 U.S. 530, 544, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013), and *Peugh* at 546, quoting *Carmell v. Texas*, 529 U.S.513, 531, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000). Here, Stansell was not sentenced to a higher sentence because of a statutory change; thus ex post facto law is not implicated here.

## Conclusion

{¶ 46} For the reasons discussed above, the sentence was not void because the trial court had subject-matter jurisdiction over the case and personal jurisdiction over Stansell. Any argument that it was voidable is res judicata since Stansell failed to raise it in his direct appeal. Further, because Stansell was not sentenced to a higher sentence due to a statutory change, there was no ex post facto violation. Thus, Stansell's sole assignment of error is overruled.

{¶ 47} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR