[Cite as *State v. Fann*, 2023-Ohio-4660.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112954 |
| v. | : | |
| ELLINGTON FANN, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 21, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662470-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Zeleznikar, and Jamielle M. Lamson-Buscho, Assistant Prosecuting Attorneys, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Ellington Fann ("Fann") appeals the trial court's journal entry denying his "motion to terminate license suspension." After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} The trial court journalized an entry on December 17, 2021, sentencing Fann to, among other things, a "driver's license suspension until 12/17/2023." Fann did not file a direct appeal from this entry.

{¶ 3} On March 7, 2023, Fann filed a "motion to terminate license suspension." Fann filed a "supplemental motion to terminate license suspension" on June 2, 2023. In the supplemental motion, Fann asserted that he was subject to a two-year license suspension and that "the proper starting point for the two-year suspension should have begun on June 18, 2021, the day he was given his administrative license suspension," rather than December 17, 2021, when he was sentenced.

{¶ 4} Following a hearing, the trial court denied Fann's motion in part stating, "the defendant's motion to terminate driver's license suspension to run retroactively from the date of sentencing is denied." However, the court granted Fann occupational-driving privileges as well as limited privileges for medical appointments, grocery shopping, and to attend church.

{¶ 5} It is from this order than Fann appeals, raising the following assignment of error: "The trial court acted contrary to law by denying * * * Fann's motion to have his administrative license suspension be credited towards his driving suspension pursuant to R.C. 4510.13(D)."

## II. Law and Analysis

{¶ 6} "It is well settled that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal." *State v. Brooks*, 8th Dist. Cuyahoga No. 108919, 2020-Ohio-3286, ¶ 10.

{¶ 7} Pursuant to the Ohio Supreme Court's decisions in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, "the current void-sentence jurisprudence of [Ohio] is clear: if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void." *State v. Stansell*, 2021-Ohio-2036, 173 N.E.3d 1273, ¶ 7 (8th Dist.). "The Ohio Supreme Court created no exception to its realigned void-sentence jurisprudence for sentences that exceed statutory limitations." *Id.* at ¶ 8.

{¶ 8} In the case at hand, both Fann and the state of Ohio agree that Fann was entitled to credit for his administrative-license suspension when he was sentenced by the court on December 17, 2021. Unfortunately, however, we are constrained by the Ohio Supreme Court's decisions in *Haper*, *Henderson*, and their progeny to find that the court's error in failing to credit him for the administrative-license suspension was voidable rather than void and should have been raised in a direct appeal from that sentence. Because Fann did not file a direct appeal of his sentence, we reluctantly find that he is barred by res judicata from raising it now.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHAEL JOHN RYAN, J., CONCUR